# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-50222 c/w
No. 11-50225
Summary Calendar

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**
May 17, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABRAHAM TORRES,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-436-1
USDC No. 2:09-CR-1579-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Abraham Torres appeals the 12-month consecutive sentence imposed following the revocation of his supervised release. Torres argues that the consecutive sentence was unreasonable because it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). Specifically, he contends that the consecutive sentence was unnecessary because he already received a 10-year

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence for the new conviction underlying the revocation. Torres also contends that his attempts to overcome his substance abuse problems should have been given more weight in the determination of his sentence.

To preserve the issue for further review, Torres, relying upon United States v. Booker, 543 U.S. 220 (2005), argues that revocation sentences should be reviewed for "reasonableness." However, this court reviews revocation sentences under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard. United States v. Miller, 634 F.3d 841, 843 (5th Cir.), cert. denied, 132 S. Ct. 496 (2011).

In the district court, although Torres requested a concurrent sentence, he did not object to the reasonableness of his sentence. Thus, arguably his sentence should not be reviewed under Miller's "plainly unreasonable" standard, but rather for plain error only. See United States v. Whitelaw, 580 F.3d 256, 259-60 (5th Cir. 2009). Nevertheless, this court need not determine whether plain error review is appropriate in this case, because Torres is not entitled to relief even assuming he preserved the issue. See United States v. Rodriguez, 523 F.3d 519, 525 (5th Cir. 2008).

We have repeatedly upheld as reasonable a within-guidelines revocation sentence ordered to run consecutively to the sentence for the criminal offense leading to the revocation. See United States v. Ramirez, 264 F. App'x 454, 458-59 (5th Cir. 2008) (citing cases). The district court was in the best position to determine whether the circumstances surrounding Torres's conduct warranted a consecutive 12-month sentence. See Gall v. United States, 552 U.S. 38, 51 (2007). In light of the foregoing, Torres has failed to show that the imposition of a consecutive 12-month revocation sentence was plainly unreasonable. See Miller, 634 F.3d at 843. Accordingly, the judgment of the district court is AFFIRMED.